United States District Court
Southern District of Texas
**ENTERED**
April 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO.  H-21-642M |
| | § | |
| GABRIEL AVILEZ ENRIQUEZ | § | |

## ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendants pending trial in this case.

### Findings of Fact

[ ] A.   Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)      The defendants have been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendants have been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)      The offense described in finding 1 was committed while the defendants were on release pending trial for a federal, state or local offense.

  [ ] (3)      A period of not more than five years has elapsed since the (date of conviction) (release of the defendants from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendants have not rebutted this presumption.

[ ]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendants have committed an offense

    [ ]    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
    ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ]    under 18 U.S.C. § 924(c).

[ ] (2) The defendants have not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

[x]    C.    Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendants will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendants will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]    D.    Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendants, bond was set as follows:
Defendants have stated that they are financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendants. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendants as required.

[ ] (4)

[ ] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that**:
Gabriel Avilez Enriquez, a previously deported alien, was found in the United States without having obtained permission from the Attorney General of the United States to reapply for admission in violation of 8 U.S.C. § 1326(a) and (b)(1)..
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
     Evidence presented at the probable cause and detention hearing shows that Gabriel Avilez Enriquez ("Enriquez") committed the offense described in the Criminal Complaint and testified to at the hearing. The case agent testified that Enriquez is a citizen of Mexico. He has no legal status in the United States. The case agent testified that Enriquez has been deported to Mexico on November 6, 2014, November 2, 2017, and January 22, 2020. According to the case agent, Enriquez was found in Conroe, Texas on March 25, 2021. He had not applied to re-enter the United States. Enriquez possess a valid Mexican passport. He has family ties to Mexico. He has a history of substance abuse. Enriquez's criminal history includes a misdemeanor conviction in 2007 for assault of a family member. His probation was revoked. He was convicted of felony burglary of a habitation. He also has a misdemeanor conviction for DWI. The evidence of guilt is strong which enhances the risk of flight. Accordingly, no standard conditions of release will assure the appearance of Enriquez at all future court proceedings in this matter and the safety of the community. The Court ORDERS that Defendant Gabriel Avilez Enriquez be DETAINED pending further proceedings.

Directions Regarding Detention

It is therefore ORDERED that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 2nd day of April, 2021.

_____
Frances H. Stacy
United States Magistrate Judge